Clare, please call the third case. 115-0706, Proviso High School District 209 v. Casey McCormick. Good morning, Justice and counsel. May it please the Court. My name is Erin Baker, and I represent the appellant, the Proviso High School District No. 209. Now, this is a case that hinged on causation with the arbitrary... Before we get into the merits of the case, how do we have jurisdiction? Yes. Was this remand a final order? Was this simply some mathematical computation by looking at a paper? Was that all the commission was supposed to do? Yes, so that's the first main issue in the case, is whether the matter is properly appealable,  Now, I find that this case most closely aligns with the A.O. Smith case, which was an Illinois Supreme Court case, which found that when there is only a calculation of benefits to be made, that the matter may be heard on... How does one calculate the benefits for medical expenses after June 28, 2013? Is that a simple mathematical calculation? I would argue that it is. Don't you have to make a determination whether the services were reasonable or necessary? Well, I believe so, yes. Well, if the answer is yes, we don't have jurisdiction because it's no longer a simple mathematical calculation. Excuse me, I believe that it is still a simple mathematical calculation. Well, if you have to determine whether it's reasonable or necessary, that's not math. There's discussion involved in that, isn't there? Excuse me, I couldn't hear you. There's discussion involved in determining if something's reasonable? I would argue no, and I would argue that the A.O. Smith holding should be applied here because the language that was used in the remand order by the circuit court in this case was the exact same language used in the A.O. Smith case. You're missing a very important factor in A.O., okay? In A.O., the facts, everything was stipulated to between the parties. Do you recall that when you read the case? Yes, I read the case. Was everything here stipulated? Well, not everything, no. Okay. However, I would also like to look to the Roadway Express case, which was cited by my opponent, where there was a strong dissent written by Justice McCullough and joined by Justice Hoffman, which I think is persuasive here. So we should follow dissent, not the majority, is that what you're telling me? No, I'm saying that it's persuasive in support of the A.O. Smith case. And I think at the end of the day, I think that the similar language, the exact same language that was used in A.O. Smith and in our case means that this case can be properly heard and that the commission decision can be reinstated at this point. In the Roadway Express dissent, there is a discussion about how the only issue in the remand would be to determine the permanent total disability of the claimant, and there would be no other discretion to review anything besides what had been done by the circuit court. Similarly here, the commission on remand is only allowed to make a decision consistent with the circuit court's ruling. What was the circuit court's ruling? That it should be remanded for a calculation of benefits only. And that would include his medical expenses. And they can't determine what medical expenses he's entitled to until they determine whether the services rendered were either reasonable or necessary. And it occurs to me that's simply not capable of mathematical calculation. And if that's the case, no jurisdiction. Well, there certainly is, you know, two lines of cases here. You know, as I've said before, I consistently argue that the A.O. Smith case is applicable because of the exact same language that's used in the order. Yeah, but the result was stipulated to in A.O. It's not stipulated. If he stipulated to the reasonableness and the necessity of the medical bills, we wouldn't be raising this issue with him. But he didn't, did he? In our case. In our case, did he? No. Well, there's no finding of the medical bills past the commission's finding up to June 28th. So there is some discretion, you know. I don't know that you're ever going to convince us that a determination of something is reasonable and necessary is a mathematical calculation. You know what a mathematical calculation is. You put pen to paper. You don't reason. You don't consider evidence. So how is that a mathematical calculation? Well, because I think that it's, you know, I keep going back to the fact that the commission, or excuse me, if this is remanded, the commission has no other discretion than what was ordered by the circuit court. And because of the same language. And what they were ordering to do is determine what medical bills should be paid or whether there should be additional T.T.D. or whatever. Those are issues of law and fact that the commission will have to decide. That's exactly what the case law says, that kind of remand. Can I ask you, you represented the respondent, did you not? Yes. Did you stipulate that his medical expenses were reasonable and necessary? We did not stipulate to anyone. I know you didn't because on the disputed issues, on the face of the arbitrator's decision, it checks the box that says were the medical services that were provided to petitioner reasonable and necessary? And that's a disputed issue. And if that's a disputed issue, it's not capable of a mathematical calculation. You know, as I've said. Who's to decide disputed issues? Us as a commission. Well, you don't. It's not a choice here. It's not A or B. You can pick A or B now. Well, I think the commission is the finder of fact in the case. Well, I mean, we have to throw those words about, but who determines it? Well, I think the commission, however. And is the circuit court to determine it? Is our court to determine it? No. What we are to do, as Justice Hoffman said earlier, what are the issues? We don't determine them. We determine whether the determination is against the manifest weight of the evidence or against the established law. And so we're to hear arguments from counsel only as to that issue. And so, you know, finality is a concept that it's not just that it gives us jurisdiction, but that it actually makes the process efficient. So that everyone knows what their job is and they're only doing their job and only their job. And so that when you get a decision, either from the commission or ultimately if it's appealed up to our court or beyond, that it's a decision that settles all issues between the parties and everyone goes on for another day. And the problem is this becomes piecemeal. In line with what Justice Holdridge indicated here, just substitute the word calculation in the circuit court's decision with the word determination. Because that's what the court was saying. Remands the matter for a determination of the benefits of the plaintiff. You keying on the word calculation and the cases that have come out of the public court that refer to the ease of calculation, therefore it becomes a final order because of that. But if you look at it from the standpoint of the commission actually has to make a determination, you can see it's a non-final order. You're doing a good job of sticking with your argument. You're staying with it. Questions. You get the credit for that. So in summary, you believe this was a final order, right? So in summary, I do believe that this was a final order. The commission was the finder of facts and the finder of resolving the medical conflicts. I think that the circuit court did not give the commission substantial deference in how the commission had resolved the medical conflicts in the case. And I would ask that the commission decision be reinstated and that you do find jurisdiction, obviously. Thank you so much for your time. Thank you, counsel. Counsel, you may respond. Thank you, Justice. As may it please the court, my name is Brent Taines. Thank you, counsel. I'll be very brief. Do you agree there's jurisdiction? I do not agree there's jurisdiction. We're asking the court to dismiss the case for lack thereof. I believe the Williams case, which wasn't mentioned, is very instructive. In that case, the only issue was an award of penalties. That case more so than this one, it's even less of a question of facts because the penalties were awarded. What's the amount of them? And even in that case, this court held that that's a factual question, which upon remand of the commission must be left to the commission to determine. In this case, we have causal connection, past and future medical expenses, past and future TTD. And as the Stockton court held at this point, the commission could even entertain the idea of permanency or additional TTD because all of these factual orders are left in play. This is an interlocutory order. It is not currently appealable. For that reason, the defendant, Trace McCormick, asks this court to dismiss this appeal for lack of jurisdiction. Thank you, counsel. Counsel, you may reply. I'll go ahead. Thank you both, counsel, for your arguments in this matter. We'll take it on advisement. Written disposition shall issue.